IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK,<br>    Plaintiff,<br>    v.<br>LUIS GUEVARA-MARTINEZ,<br>    Defendant.             / | No. C 12-03674 CRB<br>**ORDER REMANDING CASE** |

Defendant Luis Guevara-Martinez removed this case from state court on July 12, 2012. <u>See</u> dkt. 1. Upon review of the state court complaint attached to the Notice of Removal, <u>see</u> dkt. 1 Ex. A, it is apparent to the Court that it does not have jurisdiction over this case.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).

1  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of
2  removal in the first instance." Id. at 566.  Further, a district court must remand the case to
3  state court if it appears at any time before final judgment that the district court lacks subject
4  matter jurisdiction.  28 U.S.C. § 1447(c).

5  Upon review of the state court complaint attached to the Notice of Removal, it is
6  apparent to the Court that, indeed, it does not have jurisdiction over the matter.  Federal
7  question jurisdiction exists only when a federal question exists on the face of a well-pleaded
8  complaint.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
9  The state court complaint here involves only a claim of unlawful detainer.  Notice of
10 Removal Ex. A at 3.  Therefore, no federal question is presented.  See Wells Fargo Bank v.
11 Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v.
12 Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Moreover, based upon the face
13 of the well-pleaded complaint, which alleges that the amount in controversy is "under
14 $10,000," and indicates that Defendant is what is known as a local defendant (residing in the
15 State in which this action has been brought), there is also no diversity jurisdiction.  See
16 Notice of Removal Ex. A at 1; 28 U.S.C. § 1441(b).  Accordingly, the Court REMANDS this
17 matter to the Superior Court of the State of California, County of Alameda.

18 **IT IS SO ORDERED.**

21 Dated: July 17, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE